PER CURIAM:
On the night of January 6, 1989, the claimant, a resident of Salem, Harrison County, was driving his 1988 Dodge Daytona on Route 50 west between Clarksburg and Salem when his vehicle crossed a huge hole in the road surface a few miles outside the western corporate limits of Clarksburg. The claimant more specifically identified the location of this road defect as situate between the Townhouse West Motel and West Milford on the Wilsonburg intersection of Route 50. The claimant described the weather that evening as mild, and no snow was present on the road. He was traveling approximately 50 miles per hour in a 55 miles per hour area when his vehicle went into a hole in the road estimated to be two feet around and ten inches deep. The claimant testified that broken cement and steel rods from the infrastructure of the roadbed were exposed and caused three flat tires, three bent rims, a broken oil pan, and damaged a rear shock absorber. His vehicle also required an alignment. The total cost of these repairs was supported by invoices totaling $1,131.06, inclusive of a towing charge, as the vehicle could not be driven from the accident scene. The claimant had earlier on the afternoon of January 6, 1989, traveled through this area and had not noticed the hole. He testified that no warning signs were present to warn motorists of the hazard. He did not see the hole before his vehicle struck it, and it could not be avoided due to approaching traffic in the other lane. The claimant stated that his automobile insurance would initially advance him the funds to repair his vehicle, but that he would have to reimburse the insurer.
Richard Brown, a Maintenance Crew Leader for respondent responsible for and familiar with the roads in Harrison County, testified that the broken road section that the claimant encountered had been cut out and replaced with sacrete in the late fall of 1988. He further testified that the repair to the road surface was a temporary repair due to the wintertime conditions, he confirmed that the road section that caused the claimant’s vehicle damage had a two foot hole, upon which a cold mix had been previously applied. This witness testified that Route 50 was being patched about every day in January 1989. Although he did not have prior notice of the particular hole that caused the claimant’s vehicle damage, and was not notified of same until 11:30 p.m. on the night of the accident, he testified that broken concrete was removed from the accident and cold mix applied shortly thereafter. Under cross examination, this witness was asked whether signs had been posted warning motorists of the broken pavement. Th witness replied that, “There’s no reason to put signs up.” He further testified that this particular road section has had a problem with holes in the road surface.
*104 The issue before the Court is whether the respondent had prior notice and a reasonable amount of time to correct the road defect before the claimant’s accident. The facts indicate that although the respondent may not have had actual notice of the specific hole, the Court finds that respondent had constructive notice of this hazard. The burden of proof is upon the claimant to demonstrate by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect. This burden has been established through the testimony of the respondent’s witness. For the respondent to he held liable for damage caused by the road defect, it must have had actual or constructive notice of the condition and a reasonable amount of time to take corrective action. Davis v. Dept. of Highways, 11 Ct.Cl. 150 (1977). It appears to
this Court that respondent had adequate notice and that appropriate maintenance measures were not timely made to prevent or otherwise warn the traveling public of the described hazard.
Accordingly, the Court makes an award to the claimant in the amount of $ 1,131.06.
Award of $1,131.06.